Tucker, P.
delivered the opinion of the court. We are of opinion that the question as to the dignity of the debt due from Martin Shearman's estate to Fleet's representatives was directly before this court upon the former appeal, and was directly decided. This is obvious from the opinions of the judges, to which we may refer as a guide in the interpretation of the decree. But it is, moreover, the direct result of the decree itself, since that allows a credit lo E. G. Shearman against the demand of the plaintiffs, of all proper debts of the testator paid by him. These words refer, it is true, to debts already paid; since, after suit even by a simple contract creditor, no voluntary payment to any other in the same degree is good. But of the debts already paid, a large portion were simple contracts, and were, by this decree, made good payments against the claim of Fleet's representatives. That claim must then have been held, and must now be held, to be a simple contract debt as between these contesting parties. If so, E. G. Shearman the administrator has a right to retain his simple contract demand against it, even though he should not be considered to have paid it already, by demanding and receiving credit for it before the commissioners of the county court.
The only question, then, is as to the justice of his claim of 1457 dollars 20 cents, or rather of a part of it to the amount of 1000 dollars. We think the claim ought to be sustained. It was allowed by the commissioners of the county court, and the account settled by them is prima facie evidence of the justice of the de *578 thin. ' mand; that is, the demand must be allowed unless it . 1 be disproved. On looking into the record, we find no-to disprove it. There is indeed some difficulty raised, from E. G. Shearman's assertion of his having sold one third instead of one half of the schooner, and from Martin Shearman, as it is said, being credited in the inventory with only one half of the schooner, instead of the whole. As to the first, it is obviously a mistake of E. G. Shearman or the commissioner, since the deed referred to shews that he did convey one half, and not one third only. And as to the second; we do not learn what became of the schooner, and if Martin Shearman had parted with one half of his interest, and .claimed but one half at his death, this difficulty would cease. But be this as it may, the appellees have never called in question these matters. In the last report, the commissioner, pursuing the directions of chancellor Green, allowed the account on the evidence of the settlement before the commissioners of the county court. The appellees did not except on the ground that E. G. Shearman had no interest in the vessel, or that 1000 dollars was too high a value for it. They objected before the commissioner, 1. that the assignment was colourable; 2. that the interest was paid for in the devise ; 3. that their demand was of superiour dignity. And this last was the only exception filed to the report. They waived all question as to E. G. Shearman's interest, or the value of it. They cannot now call it in question. Had they done so before, every thing might have been explained; or perhaps every thing was explained, or admitted, because at that time the nature of the transaction was understood between the parties. There is indeed every reason to believe that E. G. Shearman had an interest in the vessel. What motive could there be for his false swearing that he had so in 1810, in order to the enrolment; or for making a deed to Martin Shearman for one half in 1811, to enable him *579 self to take the office of surveyor? Why did he not, on the last occasion, make oath that he had no interest, instead of making a deed for that which he had not ? No reason can be imagined. We must then take it that he had. an interest; and the value of that interest was allowed 20 years ago by the commissioners of the county court, who probably best knew it. The plaintiffs’ exception should, therefore, have been overruled.
With respect to the defendant Shearman's exceptions, we do not distinctly see that the commissioner erred in rejecting the items, and we are therefore of opinion that the exceptions were properly overruled.
Decree of chancery court reversed with costs, and decree entered, reducing the amount decreed against the appellant, by the surn of 1457 dollars 20 cents.